**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 25-1197 T
(Judge Zachary N. Somers)

ASHLEY GUILLARD,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**DEFENDANT'S PARTIAL MOTION TO DISMISS THE COMPLAINT PURSUANT TO RCFC 12(b)(1) AND MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO RCFC 12(e)**

Defendant, the United States, respectfully moves this Court for an order partially dismissing the plaintiff's complaint under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). This Court lacks jurisdiction over plaintiff's 2024 claim because she failed to wait six months before filing suit. And to the extent plaintiff makes a tax refund claim for her 2021 tax year, she failed to plead the facts required under RCFC 9(m) necessitating a more definite statement.

**STATEMENT OF THE CASE**[1]

Plaintiff, Ashley Guillard, filed suit in this Court on July 17, 2025. Plaintiff seeks an order from this Court requiring the Internal Revenue Service to issue her her full 2024 tax, "plus

---

[1] This section draws from allegations in the complaint and attached exhibits. Defendant does not waive its right to challenge any allegations in the complaint. Jurisdictional facts are drawn from the attached IRS files, which "are generally 'presumed to be true, accurate, and (continued...)

interest, actual, direct economic damages in the amount of $27,341," along with reimbursement of court costs and attorney fees. ECF 1 ¶ 5.

She also claims that the IRS withheld her $11,555 income tax refund for the another tax year, 2021, and her $4,213 income tax refund for the 2024 tax year. ECF 1 ¶ 4. She alleges that she was negatively impacted by systemic discrimination resulting in her 2021 Individual Income Tax Return being selected for an audit. ECF 1 ¶ 4. According to the plaintiff, the IRS examination "removed her income, removed all credits from her 2021 tax return[,] and assessed her a penalty of $2[,]311." ECF 1 ¶ 4.

A 2024 Form 1040 Individual Income Tax Return bearing plaintiff's name in IRS files is dated February 10, 2025. Ex. A (2024 Form 1040) at 2.

**ARGUMENT**

**I.    This Court lacks jurisdiction over plaintiff's unripe 2024 refund claim**

   *a.    Standard of review*

To prove jurisdiction, a plaintiff must show: first, that the United States has waived its sovereign immunity by act of Congress; and second, that the action falls within the waiver's confines. *See United States v. Dalm*, 494 U.S. 596, 608 (1990). A plaintiff "has the burden of establishing jurisdiction by a preponderance of the evidence." *Fid. & Guar. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015) (citations omitted); *Starnes v. United States*, 162 Fed. Cl. 468, 472 (2022) (citations omitted) ("[P]ro se plaintiffs still must prove by a preponderance of the evidence that this Court has subject matter jurisdiction."). When granting a motion to dismiss, this Court "may find it necessary to inquire into jurisdictional facts that are

---

correct.' " *Brach v. United States*, 98 Fed. Cl. 60, 66 n. 13 (2011) (quoting *Harris v. United States*, 44 Fed. Cl. 678, 682 (1999)), *aff'd on other grounds*, 443 F. App'x 543 (Fed. Cir. 2011).

2

disputed." *Gen. Mills, Inc. v. United States*, 957 F.3d 1275, 1284 (Fed. Cir. 2020) (internal quotations and citations omitted). And if this Court "determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." RCFC 12(h)(3).

> b.      *Plaintiff's 2024 claim is unripe*

When Congress waived sovereign immunity over tax refund actions, it created strict administrative requirements that taxpayers must meet to invoke this Court's jurisdiction.

First, a taxpayer must file an administrative claim for refund with the IRS: "No suit or proceeding shall be maintained in any court . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. (I.R.C.) § 7422(a). After filing an administrative claim, taxpayers may not bring suit until either (1) six months have passed, or (2) the IRS has formally mailed a notice of disallowance for the part of the claim at issue. I.R.C. § 6532(a)(1).

Plaintiff filed her 2024 administrative claim on February 10, 2025, at the earliest. She was required to wait until either her claim was disallowed or until August 10, 2025, in accordance with I.R.C. § 6532(a)(1). She did not do so. Thus, her claim is premature.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). It is immaterial that six months have now passed because jurisdiction is determined at the time the case is filed. *Lofton v. United States*, No. 22-1335C, 2022 WL 17086753, at *2 (Fed. Cl. Nov. 18, 2022) ("The irony is not lost on the Court that this Order of Dismissal is being issued on the precise date that Ms. Lofton's statutory six-month waiting period expires. . . . the jurisdictional requirements of § 6532(a) must be satisfied

at the time a tax refund suit is filed."), *aff'd*, No. 2023-1181, 2023 WL 3881362 (Fed. Cir. June 8, 2023).

Accordingly, plaintiff's 2024 claim should be dismissed.

**II.    To the extent plaintiff raises a cognizable refund claim for 2021, she should be ordered to file a more definite statement compliant with RCFC 9(m)**

Even liberally construed, plaintiff's Complaint does not appear to plead a claim for a refund of tax for 2021. She states that her 2021 return sought a $11,555 refund, that this return was subject to an audit, and that the IRS "removed her income, removed all credits from her 2021 tax return[,] and assessed her a penalty of $2[,]311." ECF 1 ¶ 4. She does not, however, reference 2021 in her claim for relief—only 2024. *See* ECF 1 ¶ 5 (directing plaintiffs to "state exactly what [they] want the court to do"). Nor do the $27,341 in damages sought correspond to the $11,555 refund she claimed in 2021.

A more definite statement is needed to allow defendant to evaluate plaintiff's 2021 claim if she is making one.

Rule 12(e) permits defendant to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Plaintiff's Complaint is vague and ambiguous in so far as it fails to meet the requirements of Rule 9(m). The information omitted from the Complaint bears on the question of the Court's jurisdiction over any tax refund claim by plaintiff and on whether plaintiff has stated a claim upon which relief can be granted. *See* RCFC 12(b)(1), (6).

Plaintiff needs to clarify the jurisdictional basis for each refund claim. Before suing, a plaintiff must, among other things, file an administrative request for refund with the IRS. I.R.C.

§ 7422(a); *Ellis v. United States*, 796 F. App'x 749, 750 (Fed. Cir. 2020); *see also United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 7 (2008).

"The requirements of Rule 9(m) embody the jurisdictional prerequisites for maintaining such a suit in this court." *Schroeder v. United States*, No. 19-1706, 2020 WL 865409, *3 (Fed. Cl. Feb. 21, 2020), *aff'd*, No. 2020-1740, 2021 WL 2935070 (Fed. Cir. July 13, 2021) (cleaned up); *see also Simmons v. United States*, 127 Fed. Cl. 153, 160 (2016). Rule 9(m) requires a plaintiff to include with the Complaint:

> (A) A copy of the claim for refund, and
>
> (B) A statement identifying:
>
>> (i) the tax year(s) for which a refund is sought;
>>
>> (ii) the amount, date, and place of each payment to be refunded;
>>
>> (iii) the date and place the return was filed, if any;
>>
>> (iv) the name, address, and identification number of the taxpayer(s) appearing on the return;
>>
>> (v) the date and place the claim for refund was filed; and
>>
>> (vi) the identification number of each plaintiff, if different from the identification number of the taxpayer.

Plaintiff's Complaint does not include a copy of the administrative claim or claims for refund.

Moreover, plaintiff's Complaint does not inform defendant or the court what, if anything, she seeks for 2021. She notes that her income and some credits were disallowed as a result of an audit. ECF 1 ¶ 4. But she does not state what income she is referring to, what credits she claimed, and which disallowances she is challenging. Defendant needs this information to

5

structure discovery. To determine whether plaintiff earned the alleged income or is entitled to the alleged credits, defendant needs to know what they are for. Discovery related to a child tax credit would, for example, be different from discovery related to a foreign tax credit.

A more definite statement would better inform defendant and the Court by limiting the facts at issue and setting out the scope of litigation.

## CONCLUSION

For these reasons, the United States respectfully moves for plaintiff's 2024 claims to be dismissed without prejudice, and for the Court to order plaintiff to file a more definite statement.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General
Tax Litigation Branch

*/s/ David I. Pincus*
DAVID I. PINCUS
Deputy Director

December 31, 2025                    */s/ Michael T. Collins*
Date                                 MICHAEL T. COLLINS
                                     Trial Attorney
                                     Tax Litigation Branch
                                     Civil Division, Department of Justice
                                     Post Office Box 26
                                     Washington, D.C. 20044
                                     Telephone: (202) 353-2452
                                     Fax: (202) 514-9440
                                     Michael.Collins@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that service of the foregoing document, has this 31 day of December 2025, been made on plaintiffs, *pro se* by mailing the original thereof, in a postage paid envelope, to the following address:

Ashley Guillard
3262 Westheimer Rd. 942
Houston, TX 77098

*U.S. Department of Justice*
*Civil Division*
*Tax Litigation Branch*
*Court of Federal Claims Section*
*Post Office Box 26*
*Washington, D.C. 20044*
*202-307-6440 (v)*
*202-514-9440 (f)*
*CTFEDClaims.Taxcivil@usdoj.gov*